IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Lezlie Collins,<br>On Behalf of Herself And All<br>Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>Exlservice.com<br> CT Corp. System<br> 120 S. Central Avenue<br> Clayton, MO 63105<br><br>      Defendant. | Case No: 19-cv-660 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, by and through her counsel, for her Complaint against Defendant Exlservice.Com, LLC ("EXL"), hereby states and alleges as follows:

1. Defendant's policy and practice is to deny earned wages and overtime pay to its telephone-dedicated hourly employees at its facilities. Defendant's deliberate failure to pay call center employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") as well as state wage laws.

2. Plaintiff previously worked as a call center employee at Defendant's call center located in Lee's Summit, Missouri. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in Defendant's call centers nationwide.

3. The United States Supreme Court has held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to the call centers operated by Defendant.

4. Plaintiff and similarly situated employees engage in numerous preparatory activities, as well as related work activities performed over breaks. It is defendant's policy and practice not to pay call center employees for their work time and, consequently, call center employees are consistently working "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time they spend working pre-shift and over unpaid meal breaks.

5. Defendant also illegally rounded Plaintiff's time punches to the benefit of the employer. Specifically, if Plaintiff arrived early for work, her time was rounded to her scheduled start time. But if Plaintiff arrived late to work, her time was not rounded to her scheduled start time. In other words, Defendant had a policy and practice of rounding that benefitted the employer. This practice has also been condemned by courts and the Department of Labor.

6. Plaintiff also worked weeks over 40 hours but did not always receive time-and-a-half for those hours worked. Her overtime premium was not always paid and at times she received straight time for hours over 40. Further, Defendant failed to include bonus and other premium pay into Plaintiff's regular rate of pay for calculation of overtime compensation.

**JURISDICTION AND VENUE**

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has jurisdiction over Plaintiff's state law claims pursuant to: (1) 28 U.S.C. § 1332(a) in that Plaintiff is a resident of a different state than the Defendant and the amount in controversy exceeds $75,000; (2) 28 U.S.C. § 1332(d) because Plaintiff is a resident of a different state than the Defendant and, upon information and belief, the amount in controversy exceeds $5 million; and (3) 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

10. Defendant is an Indian business entity that is registered and does business in the State of Missouri and nationwide.

11. Plaintiff currently is a resident of Lee's Summit, Missouri.

## GENERAL ALLEGATIONS

12. Defendant operates facilities in numerous states across the country.

13. Plaintiff's principal job duty is to take and handle incoming phone calls.

14. Defendant pays Plaintiff and its other telephone-based employees on an hourly basis, and classifies Plaintiff and other similarly situated employees as "non-exempt" under the FLSA.

15. Class members are not paid for all the time they work based on Defendant's rounding policy, clocking in policy, and its failure to accurately pay the overtime premium for

overtime hours worked. According to Defendant's policy, class members must be ready to take or make a call at the beginning of their scheduled shift. A number of critical tasks must be performed before a call center employee is ready to take a call from or make a call to a customer. These tasks include: (1) logging on to a computer; (2) logging on to Defendant's network; (3) opening relevant computer programs and software applications; (4) reviewing memoranda and e-mail; (5) summarizing notes from previous telephone calls; and (6) completing other essential tasks.

16. Call center employees are not permitted to clock in until they have completed these tasks. Defendant, therefore, does not pay its call center employees for all the integral and indispensable tasks that are necessary for employees to provide telephone-dedicated customer service, including work performed pre-shift, post-shift and over unpaid meal breaks.

17. Defendant could easily and accurately record the actual time call center employees spend working, for example, by placing a time clock at the door of the call center. In fact, Defendant requires call center employees to swipe a security badge that automatically records when they arrive at and leave the call center, but this system is not used for payroll.

18. Moreover, Defendant further fails to pay for all hours worked due to its one-way-rounding policy that benefits the employer.

19. Moreover, even for overtime hours paid, those hours are not always paid at time-and-a-half and do not always take into account bonuses and other types of pay that have been earned in those pay periods.

20. Upon information and belief, Defendant is adhering to the same policy and practice with respect to call center employees at all its other call centers nationwide.

21. The net effect of Defendant's policy and practice, instituted and approved by company management, is that Defendant willfully fails to pay overtime compensation and willfully

fails to keep accurate time records in order to save payroll costs. Defendant enjoys ill-gained profits at the expense of its hourly employees.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

22. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 21 above.

23. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

All current and former hourly employees who have worked for Defendant at any time during the last three (3) years within the United States and:

- Clock in only after booting up their computer and performing other preliminary tasks; and/or
- are subject to Defendant's rounding policy; and/or
- who were not paid at time-and-a-half for recorded overtime hours; and/or
- whose bonus pay was not calculated to increase the regular rate.

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation at the proper rate. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

26. Furthermore, Plaintiff ("Class Representative") brings Counts II & III, Missouri state law claims, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and as a representative of the following persons:

All current and former hourly employees who have worked for Defendant at any time during the last two (2) years within the state of Missouri and:

- Clock in only after booting up their computer and performing other preliminary tasks; and/or
- are subject to Defendant's rounding policy; and/or
- who were not paid at time-and-a-half for recorded overtime hours; and/or
- whose bonus pay was not calculated to increase the regular rate.

Plaintiff also brings Count III on behalf of a nationwide class of employees who have worked for Defendant at any time during the last two (2) to six (6) years[1] within the United States and:

- Clock in only after booting up their computer and performing other preliminary tasks; and/or
- are subject to Defendant's rounding policy; and/or
- who were not paid at time-and-a-half for recorded overtime hours; and/or
- whose bonus pay was not calculated to increase the regular rate.

27. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

28. There are common questions of fact and law as to the class which predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

   a. Whether plaintiff and all similarly situated individuals are compensated for all preparatory and work-related activities;

   b. Whether Defendant's compensation policy and practice accounts for the time Plaintiff and all similarly situated individuals are actually working;

   c. Whether Defendant operates an unlawful one-way rounding policy;

   d. Whether Defendant includes all bonus payments in the regular rate of pay for purposes of calculating overtime pay;

---

[1] The appropriate statute of limitations varies based on the state in which the employee worked.

{Woods-EXL Caremark Complaint.docx }

e. Whether Defendant's policy violates Missouri state wage and hour laws; and

f. Whether Defendant willfully violated state and federal wage and hour law.

29. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

30. The Class Representative's claims are typical of those of the class in that class members have been employed in the same or similar positions as the named Class Representative and were subject to the same or similar unlawful practices as the named Class Representative.

31. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

32. Class Representative Collins is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the other members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representative and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

33. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in

inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated Nationwide)**

34. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 33 above.

35. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 27(a)(1).

37. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

38. Defendant violated the FLSA by failing to pay for all overtime hours worked at the proper overtime rate. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

39. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or call center employees.

40. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, this uniform policy, in violation

of the FLSA, has been applied to all call center employees in Defendant's call centers located nationwide.

41. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

42. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their rights, including the right

to participate in this case; (6) a declaration that Defendant's policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

## COUNT II

## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *et. seq.*

### (brought on behalf of the Missouri class)

44. Plaintiff incorporates the foregoing paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff and the class were employed by Defendant and were required to perform integral and indispensable work activities without pay, including overtime pay at the properly-calculated rate.

46. Said work often required Plaintiff and the class to work in excess of forty (40) hours per week.

47. Plaintiff and the class were treated as non-exempt employees by the Defendant under the Missouri wage statutes.

48. The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

49. All similarly situated employees working for Defendant are similarly situated in that they were subject to the same policy that did not compensate for all integral and indispensable work activities performed during the continuous workday.

50. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to lawfully compensate them.

51. This Complaint is brought and maintained as a class action for all state law claims[2] asserted by the Plaintiff because her claims are similar to the claims of the class members.

52. The names and addresses of the class members are available from Defendant. Defendant failed to compensate Plaintiff and the class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

53. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the class, seeks damages in the amount of all respective unpaid straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

54. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

    a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action;

    b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members;

---

[2] Plaintiff anticipates adding state law claims for all states in which class members worked.

c.  A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and an injunction against the same;

d.  An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the class by the Defendant;

f.  Costs and expenses of this action incurred herein;

g.  Reasonable attorneys' fees and expert fees;

h.  Pre-Judgment and Post-Judgment interest, as provided by law; and

i.  Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III
## QUANTUM MERUIT/UNJUST ENRICHMENT
### (brought in behalf of the Missouri class and a nationwide class)

55. Plaintiff realleges and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through 54 of this Petition as though fully set forth herein.

56. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees nationwide. Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

57. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

58. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all members of a nationwide class, apprising them of the pendency of this action;

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the class by the Defendant;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

THE HODGSON LAW FIRM, L.L.C.

*s/ Michael Hodgson*
Michael Hodgson    Mo. Bar No. 63677

3609 SW Pryor Rd
Lee's Summit, MO 64082
Tel: (816) 600-0117
mike@thehodgsonlawfirm.com


WILLIAMS DIRKS DAMERON LLC

/s/Eric L. Dirks
Eric L. Dirks MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, MO  64105
(816) 945-7110
(816) 221-8763 (fax)
dirks@williamsdirks.com


/s/ Courtney Stout
Eric L. Dirks MO Bar No. 70375
1100 Main Street, Suite 2600
Kansas City, MO  64105
(816) 945-7110
(816) 221-8763 (fax)
cstout@williamsdirks.com